**No. 3:25-cv-50305 - Honorable Iain D. Johnston**

FILED 7/24/2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | |
|---|---|
| IN RE CIVIL MATTER OF:<br>GREGORY J. HALPERN, PRO SE,<br>Plaintiff,<br>vs.<br>JAMES E. BOASBERG;<br>KAREN LECRAFT HENDERSON;<br>PATRICIA MILLETT;<br>JEFFREY GOLDBERG;<br>AMERICAN CIVIL LIBERTIES UNION (ACLU); and JUDGES 1-20;<br>Defendants. | COMPLAINT FOR: DECLARATORY RELIEF, DAMAGES, AND DEMAND FOR A JURY TRIAL<br>Count I – Violation of Civil Rights (42 U.S.C. § 1983)<br>Count II – Violation of Judicial Oath (28 U.S.C. § 453)<br>Count III – Practicing Law from the Bench (28 U.S.C. § 454)<br>Count IV – Failure to Recuse (28 U.S.C. § 455)<br>Count V – Declaratory Relief (28 U.S.C. § 2201)<br>Count VI – Enabling Lawfare in Violation of Rule 11 & Rule 3.1 (Public Trust and Executive Policy)<br>Count VII – Judicial Collusion to Undermine Executive Authority<br>Count VIII – Fiscal Abuse and Violation of Taxpayer Rights<br>Count IX – Complicity in Breach of National Security Protocols<br>Count X – Racketeer Influenced Corrupt Organizations (RICO)<br>Count XI – Cyberstalking, Online Endangerment, and Life-Endangering Injury under *United States v. Yung*<br>Count XII – Intentional Infliction of Emotional Distress<br>COUNT XIII – Denial of Access to Courts & Obstruction of Justice |

# PLAINTIFF'S MOTION TO REMAND, STRIKE IMPROPER REMOVAL, AND AWARD SANCTIONS FOR ABUSIVE LITIGATION

GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

# TABLE OF AUTHORITIES

| Authority | Description |
|---|---|
| 28 U.S.C. § 1446(b)(2)(A) | Requires unanimous consent of all properly served defendants for removal |
| 28 U.S.C. § 1447(c) | Permits sanctions and fees for improper removal |
| 735 ILCS 5/2-1301(d) | Illinois statute governing entry of default |
| Federal Rule of Evidence 201 | Permits judicial notice of court records |
| Fed. R. Civ. P. 11 | Sanctions for improper filings and abuse of process |

Plaintiff Gregory J. Halpern, appearing pro se, respectfully moves this Court to (1) remand this matter to the Circuit Court of McHenry County, Illinois; (2) strike the Notice of Removal as procedurally and legally defective; and (3) award appropriate sanctions, including costs and attorney-equivalent fees, against counsel for Defendants for abuse of process under 28 U.S.C. § 1447(c). In support thereof, Plaintiff states:

## I. BACKGROUND AND PROCEDURAL HISTORY

1. This case was originally filed in the Circuit Court of McHenry County on April 3, 2025, under Case No. 2025MR000082.

2. Defendants James E. Boasberg, Karen LeCraft Henderson, and Patricia Millett were each served on June 20, 2025, and failed to file an appearance or responsive pleading within 30 days.

3. Defendant ACLU was served on June 18, 2025, and also failed to appear or respond within the statutory time.

4. The ACLU was formally defaulted by the McHenry County Clerk's Office at **2:15 PM on July 23, 2025**.

5. Later that same day—**at 4:35 PM on July 23, 2025**—Defendant Jeffrey Goldberg filed a Notice of Removal, attaching a purported "consent to removal" from the ACLU, **more than two hours after default was entered against them.**

6. Defendant Goldberg had returned a waiver of service, signed on July 14, 2025, and filed that same day, July 23. However, a waiver of service **does not reset or extend the 30-day window for removal**, nor does it grant authority to unilaterally remove a case lacking unanimous consent.

7. The defaults against the federal judicial defendants were already entered or well past ripeness at the time of removal.

## II. REMOVAL IS PROCEDURALLY DEFECTIVE

8. Under 28 U.S.C. § 1446(b)(2)(A), **removal requires unanimous written consent of all properly served defendants.**

9. Four of the five named defendants—Boasberg, Henderson, Millett, and ACLU—were already in default or legally barred from consenting at the time of removal.

10. Defendant Goldberg's filing cannot cure the failure of the other defendants to timely act.

11. The ACLU's "consent to removal" is null and void as a matter of law, as it was filed after they were in default.

## III. HISTORY OF ABUSIVE FORUM-SHOPPING: CASE NO. 3:25-cv-50303

12. This removal is not an isolated incident. In a separate matter, *Halpern v. ACLU et al.*, Case No. 3:25-cv-50303, the same pattern occurred:

a. The case was removed while it was actively proceeding before Judge Joel Berg in McHenry County.

b. Hearings had been held, and a next hearing was already scheduled for August 5, 2025.

c. Counsel for ACLU and Goldberg attempted removal midstream to avoid judicial scrutiny and derail default timelines.

13. This constitutes **a clear pattern of forum shopping and abuse of federal removal procedures** to avoid unfavorable outcomes in state court.

14. Such conduct undermines the integrity of the judicial process and burdens this Court with cases that never belonged here.

## IV. REQUEST FOR SANCTIONS UNDER 28 U.S.C. § 1447(c)

15. Plaintiff requests that this Court award just costs and attorney-equivalent fees under 28 U.S.C. § 1447(c), which provides:

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

16. The conduct here meets the standard for sanctions:
    - Removal had **no objectively reasonable basis**,
    - It was attempted **after key defaults**,
    - And it follows a **pattern of procedural misconduct** by the same attorneys in related cases.

WHEREFORE, Plaintiff respectfully requests that this Court:

- **Remand** this matter to the Circuit Court of McHenry County;
- **Strike** the Notice of Removal as void for lack of consent and procedural defect;
- **Award sanctions**, including costs and attorney-equivalent fees, against Defendants' counsel;
- And grant any such further relief this Court deems just and proper.

DATED: July 24, 2025

Respectfully submitted,

_____
GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

- 7 -

## EXHIBIT A – SWORN DECLARATION OF PROCEDURAL HISTORY

I, Gregory J. Halpern, declare under penalty of perjury that the following facts are true:

1. I filed this case in McHenry County Circuit Court on April 3, 2025.
2. I personally served Defendants Boasberg, Henderson, and Millett on June 20, 2025.
3. ACLU was served June 18, 2025.
4. None of them responded within 30 days.
5. I filed motions for default.
6. On July 23, 2025, the Clerk of Court formally defaulted the ACLU at 2:15 PM.
7. At 4:35 PM that same day, Defendant Goldberg attempted to remove the case.
8. A similar abuse occurred in Case 3:25-cv-50303, where the matter was removed while actively being managed by Judge Berg in McHenry County.
9. These removals serve no legitimate purpose and appear solely intended to delay, reset the clock, and escape default.

Executed this 24th day of July, 2025

Spring Grove, Illinois

*[signature]*

GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

## EXHIBIT B – JUDICIAL NOTICE OF RELATED ACTION

Pursuant to Federal Rule of Evidence 201, Plaintiff respectfully requests that this Court take judicial notice of the docket and events in *Halpern v. ACLU et al.*, Case No. 3:25-cv-50303.

- That case was removed to federal court by the same attorneys.
- The state court (Hon. Joel Berg) had already conducted proceedings and set a hearing for August 5, 2025.
- The removal appeared to be timed to avoid active case management and scheduled discovery.

This case follows the same playbook.

DATED at Spring Grove, Illinois, this 24th day of July 2025.

Respectfully submitted,

*[signature]*

GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075